IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BARRY WAYNE MINNFEE, § <br> TDCJ No. 1300468, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 7:18-cv-00041-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Barry Wayne Minnfee pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice to Petitioner's right to re-file upon obtaining permission from a judicial officer and demonstrating that he has complied with all sanction orders entered against him in federal courts.

Barry Wayne Minnfee ("Minnfee") is a prisoner confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1 at 1. It is not clear from his pleadings what relief he seeks or what his grounds are for that relief.

The Fifth Circuit Court of Appeals has repeatedly sanctioned Minnfee for filing repetitious and abusive motions. Order at 2, *In re Barry Dwayne Minnfee*, No. 16-11531 (5th Cir. 2017); *see also Minnfee v. Thaler*, No. 2:12-CV-00370, 2012 WL 6096601, at *1 (S.D. Tex. Dec. 7, 2012) ("Since his conviction, Minnfee has filed over eighty (80) unsuccessful habeas and civil rights

lawsuits in at least four states, and he has been barred from proceeding i.f.p. under the three strikes provision of 28 U.S.C. § 1915(g)."). On January 19, 2017, the Fifth Circuit imposed a sanction of $200 on Minfee and barred him from filing in the Fifth Circuit or any court with its jurisdiction until he pays the sanction. Order at 2, *In re Barry Dwayne Minnfee*, No. 16-11531. The docket sheet in that case shows that Minnfee has not paid the sanction.

Minnfee also has unpaid sanctions in *Minnfee v. Emerson*, No. 5:05-CV-067 (N.D. Tex. Mar. 25, 2005) ($100 sanction imposed by the Lubbock Division and Clerk of Court ordered to return all pleadings except notice of appeal until sanctions paid), *Minnfee v. Dretke*, No. 2:04-CV-147, 2005 WL 525225 (N.D. Tex. Mar. 7, 2005) ($50 sanction imposed by the Amarillo Division and Minnfee barred from filing any new lawsuits until sanction is paid), and *Minnfee v. Simpson*, No. 2:03-CV-250 (N.D. Tex. Dec. 9, 2003) ($200 sanction imposed by the Amarillo Division and Minnfee barred from filing civil actions unless he satisfies the sanction and obtains judicial permission to file). In addition, the Brownsville Division of the Southern District of Texas has barred Minnfee from filing unless there is a judicial determination that the action should be filed. *Minnfee v. Elae*, No. 1:15-CV-020 (S.D. Tex. Mar. 18, 2015).

Pursuant to Miscellaneous Order No. 48 of the Northern District of Texas, entered on Nov. 16, 1993, this Court observes and enforces sanctions imposed against inmates by all federal courts in Texas. *See also Balawajder v. Scott*, 160 F.3d 1066, 1067–68 (5th Cir. 1998) (affirming dismissal of a prisoner's federal action based on district court's policy of enforcing sanctions imposed by other federal courts in Texas). Based on the sanctions previously imposed against Minnfee by the Fifth Circuit Court of Appeals and the District Courts, the undersigned concludes that the Court should not permit Minnfee to pursue the instant action until such time as he has satisfied all sanctions and has permission to proceed from a judicial officer.

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice to Plaintiff's right to re-file upon obtaining permission from a judicial officer and demonstrating that he has complied with all sanction orders entered against him in federal court.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 29, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE